UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING
ENGINEERS LOCAL 324 PENSION FUND,

   Case No.: 18-cv-
 Plaintiffs,      Hon.

v.

WATERLAND TRUCKING SERVICE, INC.,
a Michigan corporation,

 Defendant.

---

**DAVID J. SELWOCKI (P51375)**
**MATTHEW I. HENZI (P57334)**
**JESSICA L. SCHUHRKE (P77561)**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield, MI 48075
(248) 746-0700 phone
(248) 746-2760 facsimile
dselwocki@swappc.com
jschuhrke@swappc.com
mhenzi@swappc.com

---

## COMPLAINT FOR WITHDRAWAL LIABILITY

  **NOW COME** the Trustees of the OPERATING ENGINEERS LOCAL 324 PENSION FUND, by and through their attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C., and for their Complaint for Withdrawal Liability against Defendant, WATERLAND TRUCKING SERVICE, INC., state as follows:

1. Plaintiffs are the Trustees of the Operating Engineers Local 324 Pension Fund, which is a Trust Fund with administrative offices in the Township of Bloomfield, Oakland County, Michigan (hereinafter the "FUND").

2. Defendant, WATERLAND TRUCKING SERVICE, INC., is a Michigan corporation with its principal place of business in the State of Michigan (hereinafter "WATERLAND").

3. The FUND is administered by a joint board of trustees, the Plaintiffs, pursuant to the terms and provisions of its Agreement and Declaration of Trust. The FUND was established pursuant to the Collective Bargaining Agreement entered into between the Operating Engineers Local 324 Union and certain employers and employer associations, whose members employ members of the Union, and the Fund is required to be administered and maintained in accordance with the provisions of the LMRA, ERISA, and other applicable state and federal statutes.

4. At all relevant times, WATERLAND was bound to the contract with the Operating Engineers Local 324 Union.

5. The FUND is a third-party beneficiary to the Collective Bargaining Agreement between WATERLAND and the Operating Engineers Local 324 Union.

6. Pursuant to the terms and provisions of the Collective Bargaining Agreement between WATERLAND and the Union, WATERLAND agreed to pay, in addition to wages, employee fringe benefit contributions to the FUND for each employee employed by WATERLAND and covered by the Agreement.

7. On or about April 30, 2012, WATERLAND experienced a partial withdrawal from the FUND.

8. On or about April 30, 2013, WATERLAND experienced a partial withdrawal from the FUND.

9. On or about May of 2013, WATERLAND experienced a complete withdrawal from the FUND.

10. Pursuant to 29 USC §1381, ERISA §4201 and 29 USC §1385, ERISA §4205, when an Employer withdraws from a Multiemployer Plan, such as Plaintiff, withdrawal liability is assessed.

11. Based on WATERLAND'S withdrawals from the FUND, it incurred withdrawal liability in the amount of $3,339,420.00.

12. This is an action for the collection of withdrawal liability pursuant to 29 USC §1451 and 29 USC §1145.  Jurisdiction and venue are proper in this Court pursuant to 29 USC §1451 and 29 USC §1132.  Further, this Court has further jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an

action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

13. On November 27, 2017, Plaintiffs submitted a demand for payment of withdrawal liability to WATERLAND pursuant to 29 USC §1399.

14. Pursuant to the demand provided by the Plaintiffs as set forth above, WATERLAND was to make a quarterly payment toward the withdrawal liability in the amount of $943,696.26 on February 1, 2018, followed by additional quarterly payments. 29 USC §1399.

15. WATERLAND has failed to make its installment payment of $943,696.26, on February 1, 2018, its installment payment of $902,807.74 on May 1, 2018, and its installment payment of $276,263.00 on August 1, 2018.

16. WATERLAND has filed a Request for Review and a Demand for Arbitration.

17. Regardless of the filing of a Request for Review and/or Demand for Arbitration, all interim payments must be made in accordance with the schedule set forth by Plaintiffs. 29 USC §1401(d) and 29 USC §1399(c)(2).

18. Moreover, if the interim payments are not made, the delinquent employer shall be treated as if failing to make employee benefit contributions required under the Plan within the meaning of 29 USC §1145. See 29 USC §1401(d) and 29 USC §451(b). See also CFR 4219.31(c)(2).

19. Despite the requirements of federal law and the demands made by Plaintiffs, WATERLAND has failed and/or refused to pay its withdrawal liability and/or the accrued interest.

20. Pursuant to 29 USC §1451 the failure to pay withdrawal liability as required is to be treated in the same manner as failure to make ongoing contribution payments within the meaning of 29 USC §1145.

21. Pursuant to 29 USC §1132(g)(2) all Judgments obtained pursuant to 29 USC §1145 are mandated to include not only the unpaid contributions, but attorney fees, costs, liquidated damages and interest on the withdrawal liability.

22. Despite Plaintiffs' demands, WATERLAND continues to refuse to pay the due and owing withdrawal liability and/or the accrued interest.

**WHEREFORE**, Plaintiff respectfully requests that a Judgment be entered against WATERLAND TRUCKING SERVICE, INC., and to include the following:

A. Withdrawal liability in the amount of $2,122,767.00 (three missed interim payments of $943,696.26, $902,807.74, and $276,263.00), and any additional missed interim payments during the pendency of this action.

B. The Judgment shall include the mandates of 29 USC §1132(g)(2) which include interest, liquidated damages, costs, and attorney fees.

C. Enter an Injunctive Order requiring WATERLAND to make all future interim payments.

D. This Honorable Court maintain jurisdiction of this matter pending compliance with the Court's Orders; and

E. Any such other, further or different relief as may be just and equitable under the circumstances.

                                    Respectfully submitted,

                                    */s/David J. Selwocki*
                                    Sullivan, Ward, Asher & Patton, P.C.
                                    Attorney for Plaintiffs
                                    25800 Northwestern Hwy., Suite 1000
                                    Southfield, MI 48075
                                    (248) 746-0700
                                    dselwocki@swappc.com
Dated: August 23, 2018          P51375

W2160508.DOC/A56-124346