UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS
LOCAL 324 PENSION FUND,

        Plaintiff,

v.

WATERLAND TRUCKING
SERVICES, INC.,

        Defendant.
                                /

Case No. 2:18-cv-12638

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12]**

On November 27, 2017, Plaintiff Operating Engineers Local 324 Pension Fund sent Defendant Waterland Trucking Services, Inc. a demand seeking payment of withdrawal liability due in eight installments. ECF 12, PgID 48, 58–60. On January 8, 2018, Defendant sought formal review of the withdrawal assessments made by Plaintiff. ECF 21-1, PgID 247. On May 14, 2018, Defendant filed a request for arbitration with the American Arbitration Association ("AAA"). *Id.* at 248. On August 23, 2018, Plaintiff filed a complaint seeking interim withdrawal liability payments that Defendant has allegedly failed to make. ECF 1. On January 9, 2019, Plaintiff filed a motion for summary judgment. ECF 12. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the foregoing reasons, the Court will grant Plaintiff's motion for summary judgment.

1

## BACKGROUND

Plaintiff is a trust fund established pursuant to a collective bargaining agreement "entered into between the Operating Engineers Local 324 Union and certain employers and employer associations, whose members employ members of the Union." ECF 1, PgID 2.

Defendant is a Michigan corporation that entered into the collective bargaining agreement with the Union, of which Plaintiff is a third-party beneficiary. *Id.* Defendant is generally engaged in the heavy construction business and owns various gravel pits from which it mines mineral resources to produce construction materials for construction projects. ECF 21-1, PgID 249–50. Pursuant to its agreement with the Union, Defendant's operators became participants in the Fund. *Id.* at 250–51. Defendant claims that it was forced to lay off employees with the unanticipated decline in the construction business throughout Michigan, causing it to incur partial withdrawal liability and then complete withdrawal liability. *Id.* at 251. Defendant ceased all active operations in 2013. *Id.*

On November 27, 2017, Plaintiff advised Defendant that it had incurred withdrawal liability in the amount of $3,339,420.00. ECF 1, PgID 3. Pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381–1453, Plaintiff sent Defendant a notice and demand for payment of the withdrawal liability. *Id.* at 4. In response, Defendant filed a request for arbitration. ECF 21-1, PgID 248. During the pendency of the arbitration, it is undisputed that Defendant failed to make any withdrawal liability payments to Plaintiff. *See id.* at

2

251; ECF 12, PgID 49. Plaintiff then filed the case pursuant to 29 U.S.C. §§ 1399, 1401, and 1451 to collect three unpaid installments of withdrawal liability payments totaling $2,122,767.00. ECF 12, PgID 48–49; ECF 1, PgID 5. And Plaintiff filed a motion for summary judgment, which is now before the Court. ECF 12.

Plaintiff argues that, during the pendency of the arbitration, Defendant must make interim withdrawal liability payments plus interest, costs, attorney's fees, and liquidated damages. *Id.* at 52.

Defendant argues that it will suffer irreparable harm if forced to make any of the interim payments during the pendency of the arbitration. ECF 21-1, PgID 260. Defendant further asserts that Plaintiff's claims are frivolous because Defendant is entitled to ERISA's "building and construction industry" exception. *Id.* at 254–60. Finally, Defendant argues that it was not permitted an opportunity to conduct discovery in the case. *Id.* at 262–63.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party must support its assertion that there is no genuine dispute of material fact by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, which "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

I.  <u>The MPPAA</u>

ERISA and the MPPAA require an employer that withdraws, either partially or completely, from a multiemployer pension fund to compensate the fund for its

4

share of unfunded, vested benefits. *See* 29 U.S.C. § 1381. After an employer withdraws, the fund determines the amount the employer owes, notifies the employer of the amount, provides a schedule for liability payments, and demands payment in accordance with the schedule. *Id.* §§ 1382, 1399(b)(1). After receiving a demand, the employer may ask the fund for a formal review of its liability determination, and the fund must then explain the basis for its determination. *Id.* § 1399(b)(2)(A)–(B). The employer may initiate arbitration if it disagrees with the determination. *Id.* § 1401(a)(1).

But even if the employer disputes the fund's determination and seeks arbitration, it must still make interim withdrawal liability payments to the fund. *Id.* § 1399(c)(2), (d); *Marvin Hayes Lines, Inc. v. Central States Se. and Sw. Areas Pension Fund*, 814 F.2d 297, 299 (6th Cir. 1987). If an arbitrator later decides that the employer had no duty to pay withdrawal liability or owes the fund more than initially determined, "any necessary adjustments in subsequent payments for overpayments or underpayments" will be ordered. 29 U.S.C. § 1401(d). But if the employer fails to pay withdrawal liability upon demand, the fund may file a civil action to collect it, *id.* § 1451(b), as Plaintiff has done here.[1]

---

[1] The same parties already litigated a prior partial withdrawal liability case in the Eastern District of Michigan. The court in the prior case granted Plaintiff's motion for summary judgment, finding that Defendant's arguments about the "construction industry exception" were not suitable for review by the court and that Defendant failed to show irreparable harm. *See Operating Engineers Local 324 Pension Fund v. Waterland Trucking Serv. Inc.*, 2:12-11876 (E.D. Mich. Mar. 27, 2013). The prior case was determined before an opinion was issued in *Findlay Truck Line, Inc. v. Cent. States, Southeast & Southwest Areas Pension Fund*, 726 F.3d 738 (6th Cir. 2013).

5

Defendant first disputes that it is required to make interim payments because the payments will cause irreparable harm. ECF 21-1, PgID 260. But the MPPAA states that "[w]ithdrawal liability *shall* be payable in accordance with the schedule set forth by the [fund] beginning no later than 60 days after the date of the demand," and that "[p]ayments *shall* be made by the employer . . . until the arbitrator issues a final decision with respect to the determination submitted for arbitration." 29 U.S.C. §§ 1399(c)(2), 1401(d) (emphasis added). The Sixth Circuit has upheld the "pay now, dispute later" principle based on the plain language of the MPPAA and specifically held that there is no exception "to interim payments for employers that would suffer irreparable harm." *Findlay*, 726 F.3d at 754. Defendant asks the Court to ignore *Findlay* and instead apply the *McNicholas* standard from the Fifth and Seventh Circuits that provides an exception to interim withdrawal payments as long as the employer shows that (1) the fund's claim is frivolous, and (2) the payments will cause the employer irreparable harm. *Robbins v. McNicholas Transp. Co.*, 819 F.2d 682, 685 (7th Cir. 1987).

The Court will not do so. The Sixth Circuit surveyed how each Circuit—including the Fifth and Seventh Circuits under *McNicholas*—addresses the "pay now, dispute later" principle and expressly declined to recognize an equitable exception for irreparable harm. *Findlay*, 726 F.3d at 750–52. Defendant's claim that making the payments will cause irreparable harm is meritless and futile under that law. Defendant must pay the withdrawal payments during the pendency of arbitration. And the Court will grant Plaintiff's motion for summary judgment.

6

II. <u>Building and Construction Exception</u>

Defendant further argues that it should not be required to make interim withdrawal payments because it falls under the "construction industry exception." ECF 21-1, PgID 254–60. Defendant claims that Plaintiff's claims are frivolous, and therefore its situation is distinguishable from that in *Findlay*. *Id.* Essentially, Defendant argues that it should not be liable for withdrawal payments at all. The issue before the Court here, however, is not whether Defendant meets the threshold for the construction industry exception. Rather, the question is whether Defendant must make interim withdrawal liability payments while the arbitration on the construction industry exception is pending. Disputes over "the applicability of the building and construction industry exception . . . [are] subject to MPPAA's mandatory arbitration requirement." *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Palladium Equity Partners, LLC*, 722 F. Supp. 2d 854, 874 (E.D. Mich. 2010). Defendant's claim that Plaintiff's underlying claim for withdrawal payments is frivolous must be left to the arbitrator to decide under the "pay now, dispute later" system. The argument is also irrelevant and futile.

Furthermore, as outlined above, *Findlay* governs determinations of whether interim withdrawal payments must be made during pending arbitration, and the Court will not adopt the *McNicholas* standard from the Seventh Circuit as requested by Defendant. To do so would contradict prevailing circuit law in *Findlay* which expressed concern "that considering the frivolousness of a fund's claim may encroach upon the Arbitrator's authority under the MPPAA." *Findlay*, 726 F.3d at 751 n.6.

III. Discovery

Finally, Defendant argues that it was not afforded an opportunity to conduct discovery, that it has not received any discovery from Plaintiff, and that it therefore cannot properly respond to Plaintiff's motion for summary judgment. ECF 21-1, PgID 262–64. Defendant previously asserted the same claim, *see* ECF 13, and the Court already found that Defendant failed to show good cause to extend the scheduling order and allow additional time for discovery. The Court determined that Plaintiff had provided Defendant sufficient discovery from both the present action and the arbitration action. ECF 22. Defendant provided no additional evidence that Plaintiff has failed to provide discovery, but Defendant simply reiterates the arguments from its motion to extend the scheduling order—which the Court already denied. And Plaintiff again demonstrated that it had served discovery on Defendant. ECF 23, PgID 399, n.2. Defendant's arguments that it has not had an opportunity to conduct discovery lack merit.

**CONCLUSION**

It is undisputed that (1) Plaintiff made a demand for withdrawal liability, (2) Defendant disputes the claim and filed a request for arbitration, and (3) Defendant has failed to pay any of its withdrawal payments during the pendency of the arbitration on the underlying claim. Under the MPPAA's "pay now, dispute later" principle, Defendant must pay interim withdrawal payments during a pending arbitration even if it disputes the underlying claim and alleges that it will suffer

8

irreparable harm. The Court will therefore grant Plaintiff's motion for summary judgment.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for summary judgment [12] is **GRANTED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: September 19, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 19, 2019, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager